NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1526-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHN SELLOW,

 Defendant-Appellant.

________________________________________________________________

 Submitted May 2, 2017 – Decided August 10, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Indictment No.
 14-06-0579.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Marcia Blum, Assistant Deputy
 Public Defender, of counsel and on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Sarah E. Ross, Deputy
 Attorney General, of counsel and on the
 brief).

PER CURIAM

 Defendant John Sellow appeals from his conviction after a

jury found him guilty of second-degree eluding, N.J.S.A. 2C:29-

2(b), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2).
On appeal, he challenges his conviction, arguing that the trial

court improperly instructed the jury as to "flight." Specifically

he argues:

 BECAUSE DEFENDANT FLED BEFORE HE COMMITTED ANY
 OFFENSE, AND BECAUSE HE WAS SUBSEQUENTLY
 CHARGED WITH OFFENSES FOR WHICH FLIGHT WAS THE
 CENTRAL ELEMENT, IT WAS PREJUDICIAL ERROR TO
 INSTRUCT THE JURY THAT IT COULD CONSIDER HIS
 FLIGHT AS EVIDENCE THAT HE WAS CONSCIOUS OF
 HIS GUILT OF THOSE OFFENSES.

 We have considered defendant’s argument in light of our review

of the record and the applicable legal principles. We affirm.

 The facts surrounding defendant's arrest and conviction are

not disputed and can be summarized as follows. On January 8,

2014, three Passaic County Sheriff’s officers sought to execute

two warrants issued for defendant's arrest relative to his failure

to pay child support. While on duty in plain clothes with their

badges visible, the officers activated their vehicle's overhead

lights and approached defendant as he sat in his automobile,

located outside his home. One officer approached defendant's

driver-side window while the other went to the passenger side.

When defendant was informed they were there to execute an arrest

warrant and an officer directed him to step out of his vehicle,

defendant backed his car up and then proceeded to drive away from

the officers, jumping a curb as he did so and forcing the officers

to get out of defendant's way to avoid being hit.

 2 A-1526-15T2
 The officers pursued defendant in their vehicle and

additional officers in other police cars joined the chase. During

the pursuit, defendant drove in excess of 20 to 25 miles-per-hour

over the speed limit, through numerous stop signs and down the

wrong way on one-way streets. Defendant eventually stopped his

vehicle, got out and attempted to run away, leaving his car in

gear, allowing it to roll into a utility pole.

 The officers followed on foot and pursued him. One of them

quickly subdued defendant. As the officer attempted to handcuff

him, defendant began to wave his arms in an attempt to avoid being

handcuffed. Several police officers joined to force the handcuffs

onto defendant.

 The officers issued two traffic summonses to defendant for

failure to obey stop signs and two additional summonses for

careless and reckless driving. A grand jury later indicted

defendant and charged him with the second-degree eluding and

fourth-degree resisting for which he was convicted, as well as a

third-degree resisting, N.J.S.A. 2C:29-2(a)(3).

 After the presentation of evidence, Judge Adam E. Jacobs

conducted a charge conference during which defense counsel raised

an objection to the court charging "flight" as evidence of a

 3 A-1526-15T2
consciousness of guilt.1 According to counsel, a flight charge

was not warranted because there was no underlying crime that

defendant was accused of committing, as the officers were trying

to arrest defendant only for outstanding child support warrants

and his driving and running away from the officers were not

separate acts. The prosecutor disagreed, contending that driving

away from the officers was an eluding relating to defendant's

attempt to avoid the warrants being executed, and his running away

was flight from the eluding.

 After considering counsels' arguments, Judge Jacobs decided

that the flight charge was warranted. The judge observed that

defendant committed three separate acts in his encounter with the

officers – "the underlying eluding and the subsequent . . . jogging

away, and resistance by using [his] arms, arguably force." The

judge reasoned that once defendant stopped his vehicle, the eluding

was complete and defendant's ensuing attempt to run away could be

found to be an expression of defendant's consciousness of his

guilt on that charge.

 In his subsequent instructions to the jury, Judge Jacobs

distinguished defendant's "flight" from the eluding charge. He

stated:

1
 See Model Jury Charge (Criminal), "Flight" (2010).

 4 A-1526-15T2
 There has been some testimony in this
 case from which you . . . may infer that the
 defendant fled shortly after the alleged
 commission of the crime of eluding. The
 defendant denies any flight. The question of
 whether the defendant fled after the
 commission of the purported crime is another
 question of fact for your determination.

 The state alleges that [defendant] exited
 the vehicle he was driving. He fled on foot
 until apprehended by police officers. Mere
 departure from a place where crime has been
 committed does not constitute flight. If you
 find that the defendant fearing that an
 accusation of [sic] arrest would be made
 against him on the charge of eluding involved
 in the indictment, took refuge and flight for
 the purpose of evading the accusation or
 arrest on that charge, then you may consider
 such flight in connection with all other
 evidence in the case as an indication or proof
 of consciousness of guilt. Flight may only
 be considered as evidence of consciousness of
 guilt if you should determine that the
 defendant's purpose in leaving was to evade
 accusation or arrest for the offense charged
 in the indictment, that being eluding.

 [(Emphasis added).]

 The judge continued by charging the jury about each of the

offenses charged in the indictment, including lesser-included

offenses, explaining the elements that the State had to prove

beyond a reasonable doubt.

 After the jury convicted defendant of the two offenses, the

court merged the resisting charge into the eluding and sentenced

defendant to six years. This appeal followed.

 5 A-1526-15T2
 We begin our review by recognizing that appropriate and

"proper jury charges are essential to a fair trial." State v.

Baum, 224 N.J. 147, 159 (2016) (quoting State v. Reddish, 181 N.J.

553, 613 (2004)). Proper instructions consist of "a comprehensible

explanation of the questions that the jury must determine,

including the law of the case applicable to the facts that the

jury may find." Ibid. (quoting State v. Green, 86 N.J. 281, 287-

88 (1981)). "[T]he court has an 'independent duty . . . to ensure

that the jurors receive accurate instructions on the law as it

pertains to the facts and issues of each case, irrespective of the

particular language suggested by either party.'" Ibid.

(alteration in original) (quoting Reddish, supra, 181 N.J. at

613); see also State v. Scharf, 225 N.J. 547, 580 (2016). "Because

proper jury instructions are essential to a fair trial, 'erroneous

instructions on material points are presumed to' possess the

capacity to unfairly prejudice the defendant." Baum, supra, 224

N.J. at 159 (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004));

see also State v. McKinney, 223 N.J. 475, 495 (2015).

 With these guiding principles in mind, we conclude from our

review that Judge Jacob's instructions on flight were not

erroneous. "Evidence of flight . . . by an accused generally is

admissible as demonstrating consciousness of guilt, and is

therefore regarded as probative of guilt." State v. Mann, 132

 6 A-1526-15T2
N.J. 410, 418 (1993). "The most common example of conduct that

can give rise to an inference of consciousness of guilt is flight."

State v. Randolph, 441 N.J. Super. 533, 562 (App. Div. 2015),

aff'd in and part rev'd in part on other grounds, 228 N.J. 566

(2017). Evidence of flight need not be unequivocal, but it "must

be 'intrinsically indicative of a consciousness of guilt.'"

Randolph, supra, 228 N.J. at 595 (quoting Randolph, supra, 441

N.J. Super. at 562).

 Contrary to defendant's contention, the fact that up until

the point defendant began to elude the sheriff's officers he had

not committed any crime did not prohibit the judge from instructing

on "[f]light from the scene of [the] crime" of eluding. Randolph,

supra, 228 N.J. at 594. "A jury may infer that a defendant fled

from the scene of a crime by finding that he departed with an

intent to avoid apprehension for that crime." State v. Wilson,

57 N.J. 39, 49 (1970) (emphasis added). As Judge Jacobs explained,

the eluding was completed when defendant stopped his vehicle.

Defendant's running away on foot from police after having eluded

them was not part and parcel of the same offense, which relates

to a defendant's use of an automobile to escape prosecution. 2

2
 A person is guilty of second-degree eluding if:

 7 A-1526-15T2
Moreover, Judge Jacobs was careful to ensure that the jury limited

its consideration of defendant's flight to the eluding offense and

did not consider the flight charge with regard to the others.

 while operating a motor vehicle [he] knowingly
 flees or attempts to elude any police or law
 enforcement officer after having received any
 signal from such officer to bring the vehicle
 . . . to a full stop [and] if the flight or
 attempt to elude creates a risk of death or
 injury to any person.

 [N.J.S.A. 2C:29-2(b) (emphasis added).]

 In order to convict the defendant of eluding,
 the State must prove beyond a reasonable doubt
 each of the following six (6) elements:

 1. That [the defendant] was operating
 a motor vehicle on a street or highway[.]

 2. That [the individual giving chase]
 was a police or law enforcement officer.

 3. That [the officer] signaled [the
 defendant] to bring the vehicle . . . to a
 full stop.

 4. That [the defendant] knew that the
 officer had signaled (him/her) to bring the
 vehicle . . . to a full stop.

 5. That [the defendant] knew that [the
 individual signaling defendant] was a police
 or law enforcement officer.

 6. That defendant knowingly fled or
 attempted to elude the officer.

 [Model Jury Charge (Criminal), Eluding an
 Officer (Second and Third Degree) (2004).]

 8 A-1526-15T2
Affirmed.

 9 A-1526-15T2